ORIGINAL

# In the United States Court of Federal Claims

No. 17-557C
(Filed: June 7, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **DEMETRICE MITCHELL,** | * |
| Plaintiff, | * |
| v. | * |
| **THE UNITED STATES,** | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
JUN - 7 2017
U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

Demetrice Mitchell ("Plaintiff"), incarcerated and acting *pro se*, filed his complaint on April 20, 2017.[1] Plaintiff's Complaint alleges violations of the Fourth Amendment's prohibition against unreasonable search and seizures, a violation of the Federal Tort Claims Act, and common law negligence. For the reasons set forth below, the Court **DISMISSES** Plaintiff's Complaint.

### I. Background

Plaintiff alleges that on December 10, 2010, detectives in the Sheriff's Department of Polk County, Florida conducted an illegal warrantless search of his residence. Compl. ¶ 6. On that same day, the detectives returned with a search warrant, searched Plaintiff's home, and arrested him. Compl. ¶ 6-7. The detectives were surveilling the Plaintiff's residence after they received a tip that someone living in the home was committing bank fraud. Appx001. While conducting the second search, the detectives found a credit report for someone who did not live at that residence. Appx001-003. Plaintiff was then subsequently convicted on two counts of fraudulent use of personal identification. Mot. To Dismiss at 2.

Before filing the current Complaint, Plaintiff filed a complaint in the Middle District of Florida asserting the same theories of recovery (unlawful search and seizure, Federal Tort Claim Act, and common law negligence). *See generally Mitchell v. McManus*, No. 8:14-cv-1822-T-27JSS, 2017 U.S. Dist. LEXIS 61099 (M.D. Fla. Apr. 19, 2017). The court dismissed the complaint on April 19, 2017 for failure to state any claim. *Id.*

---

[1] Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**.

7016 3010 0000 4308 3532

## II. Standard of Review

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers").

Subject matter jurisdiction is a threshold matter which may be challenged at any time by a party or the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). When the court's subject matter jurisdiction is put into question, the plaintiff bears the burden of showing jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If jurisdiction is found to be lacking, the court must dismiss the action. RCFC 12(h)(3).

## III. Discussion

The Tucker Act grants this Court jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Bussie v. United States*, 96 Fed. Cl. 89, 94 (2011) (quoting 28 U.S.C. § 1491(a)(1)). However, to come within the jurisdictional reach of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (noting that the Tucker Act "itself does not create a substantive cause of action."). It is also important to note that the United States is the only proper defendant in this Court. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). *See also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. All of the allegations made by Plaintiff sound in tort, and are thus outside the jurisdiction of this Court. *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction," over cases concerning the Federal Tort Claims Act); *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 & n.5 (Fed. Cir. 2007) (recognizing that the Tucker Act lacks jurisdiction over negligence claims because negligence sounds in tort); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."). Because this Court lacks jurisdiction over tort actions against the United States, as well as Fourth Amendment violations, the Complaint must be dismissed pursuant to RCFC 12 (h)(3).

Also, the Complaint submitted by Plaintiff names the Polk County Sheriff's Department, the individual detectives, the State of Florida, and United States as Defendants. The Polk County Sheriff's Department and the individual detectives employed there are not agents of the United States but rather the State of Florida. As such, this Court does not have jurisdiction to grant relief against them. *See Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) (citing *Treviño v. United States*, 557 Fed. Appx. 995, 998 (Fed. Cir. 2014)) (explaining

that the Court of Federal Claims lacks jurisdiction over claims against states, localities, state and local government officials, or state employees).

Even if Plaintiff's claims satisfied these subject-matter requirements, they would still be time barred. 28 U.S.C § 2501 (establishing a six year statute of limitations for all cases heard in the Court of Federal Claims). All of Plaintiff's claims accruing from the December 10, 2010 event expired six years after the event, on December 10, 2016. Because the Complaint was filed on April 20, 2017, approximately four months after the statute of limitations ran, it is barred from being heard in this Court.

Also, this Court will not transfer this case to another court. One main requirement to transfer a case would be to serve the "interest of justice." *See* 28 U.S.C. § 1631. Because the Middle District of Florida already issued a final judgment on the same theories of recovery present in this action, this Court determines that it is not in the "interest of justice" to transfer the complaint to another jurisdiction. *See generally Mitchell v. McManus*, No. 8:14-cv-1822-T-27JSS, 2017 U.S. Dist. LEXIS 61099 (M.D. Fla. Apr. 19, 2017).

IV. **Conclusion**

Because this Court lacks jurisdiction over any of Plaintiff's claims, the Complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**It is so ORDERED.**

LYDIA KAY GRIGGSBY
Judge
for
EDWARD J. DAMICH
Senior Judge